UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

| | | |
|---|---|---|
| JUAN R. RIVERA, | ) | |
| Plaintiff | ) | |
| | ) | |
| v. | ) | C.A. No. 17-CV-40029-TSH |
| | ) | |
| | ) | |
| CITY OF WORCESTER, TERRENCE | ) | |
| CAHILL, CARL SUPERNOR, | ) | |
| STEVE ROCHE, OFFICERS DOE 1-3, | ) | |
| Defendants | ) | |

## DEFENDANTS' ANSWER TO PLAINTIFF'S COMPLAINT

Now come Defendants City of Worcester (City), Terrence Cahill, Carl Supernor and Steve Roche (collectively, Defendants) and hereby answer Plaintiff's Complaint and Request for Jury Trial as follows:

## INTRODUCTION

Defendants deny the allegations in the introductory paragraph of Plaintiff's Complaint.

## JURISDICTION

1.      Defendants neither admit nor deny the allegations in paragraph 1 of Plaintiff's Complaint, as it presents a conclusion of law to which a responsive pleading by Defendants is not required.  To the extent that paragraph can be construed as alleging facts, Defendants deny them.

## PARTIES

2.      Defendants have insufficient information to admit or deny the allegations in paragraph 2 of Plaintiff's Complaint.

3.      Defendants admit the allegations in paragraph 3 of Plaintiff's Complaint that Terrence Cahill was, at all pertinent times in relation to the alleged incident, a Worcester police officer. The remaining allegations in that paragraph contain conclusions of law to which a response is not required.  To the extent those statements can be construed as alleging facts, Defendants deny them.

4.      Defendants admit the allegations in Paragraph 4 of Plaintiff's Complaint that Stephen Roche was, at all pertinent times in relation to the alleged incident, a Worcester police sergeant. The remaining allegations in that paragraph contain conclusions of law to which a response is

not required.  To the extent those statements can be construed as alleging facts, Defendants deny them.

5.      Defendants admit the allegations in paragraph 5 of Plaintiff's Complaint that Carl Supernor was, at all pertinent times in relation to the alleged incident, a Worcester police sergeant, and is now a lieutenant.   The remaining allegations in that paragraph contain conclusions of law to which a response is not required.  To the extent those statements can be construed as alleging facts, Defendants deny them.

6.      Defendants have insufficient information to enable them to admit or deny the allegations contained in Paragraph 6 of Plaintiff's Complaint.

7.      Defendants have insufficient information to enable them to admit or deny the allegations in paragraph 7 of Plaintiff's Complaint.

8.      Defendants admit the allegations in paragraph 8 of Plaintiff's Complaint.

## FACTS

9.      Defendants admit the allegations in paragraph 9 of Plaintiff's Complaint that the Worcester District Court issued a search warrant on December 13, 2013, pursuant to an application by a Worcester police officer, for an apartment at 3 Hacker Court, Worcester, and for an individual named Jonathan Hardy.  Defendants deny the remaining allegations contained in that paragraph.

10.     Defendants have insufficient information to enable them to admit or deny the allegations in paragraph 10 of Plaintiff's Complaint.

11.     Defendants admit the allegations in paragraph 11 of Plaintiff's Complaint, with the clarification that there were not two officers named Gaffney.

12.     Defendants admit the allegations in paragraph 12 of Plaintiff's Complaint that Sergeant Roche was the supervisor of the Gang Unit officers at the scene, and that the search warrant was requested by a Gang Unit officer, but Defendants deny the remaining allegations in that paragraph.

13.     Defendants have insufficient information to enable them to admit or deny the allegations in paragraph 13 of Plaintiff's Complaint.

14.     Defendants deny the allegations in paragraph 14 of Plaintiff's Complaint.

15.     Defendants deny the allegations in paragraph 15 of Plaintiff's Complaint.

16.     Defendants deny the allegations in paragraph 16 of Plaintiff's Complaint.

17.     Defendants admit the allegation in paragraph 17 of Plaintiff's Complaint that Officer Cahill struck Plaintiff in the face with a closed fist after Plaintiff did not comply with orders to show his hands and continued to reach into his waistband for what Officer Cahill feared was a weapon.  Defendants therefore deny the allegation in that paragraph that Plaintiff "froze," and the context surrounding the allegation.

18.     Defendants deny the allegations in paragraph 18 of Plaintiff's Complaint.

19.     Defendants deny the allegations in paragraph 19 of Plaintiff's Complaint.

20.     Defendants deny the allegations in paragraph 20 of Plaintiff's Complaint.

21.     Defendants admit the allegations in paragraph 21 of Plaintiff's Complaint that another officer assisted Officer Cahill, but deny the allegation that the officer hit Plaintiff.

22.     Defendants deny the allegations in paragraph 22 of Plaintiff's Complaint.

23.     Defendants deny the allegations in paragraph 23 of Plaintiff's Complaint.

24.     Defendants admit the allegations in paragraph 24 of Plaintiff's Complaint that Plaintiff, once handcuffed and standing, was subject to a pat frisk search, which included his groin area. Defendants deny the remaining allegations in that paragraph.

25.     Defendants admit the allegation in paragraph 25 of Plaintiff's Complaint that Sergeant, now Lieutenant, Supernor assisted Officer Cahill.

26.     Defendants admit the allegations in paragraph 26 of Plaintiff's Complaint.

27.     Defendants deny the allegations in paragraph 27 of Plaintiff's Complaint.

28.     Defendants deny the allegations in paragraph 28 of Plaintiff's Complaint.

29.     Defendants admit the allegation in paragraph 29 of Plaintiff's Complaint that Plaintiff was brought into the living room area with other males, but deny the remaining allegations in that paragraph.

30.     Defendants have insufficient information to enable them to admit or deny the allegations in paragraph 30 of Plaintiff's Complaint.

31.     Defendants deny the allegations in paragraph 31 of Plaintiff's Complaint.

32.     Defendants deny the allegations in paragraph 32 of Plaintiff's Complaint.

33.     Defendants deny the allegations in paragraph 33 of Plaintiff's Complaint.

34.     Defendants deny the allegations in paragraph 34 of Plaintiff's Complaint.

35.     Defendants deny the allegations in paragraph 35 of Plaintiff's Complaint.

36.     Defendants deny the allegations in paragraph 36 of Plaintiff's Complaint.

37.     Defendants deny the allegations in paragraph 37 of Plaintiff's Complaint.

38.     Defendants deny the allegations in paragraph 38 of Plaintiff's Complaint.

39.     Defendants deny the allegations in paragraph 39 of Plaintiff's Complaint.

40.     Defendants deny the allegations in paragraph 40 of Plaintiff's Complaint.

41.     Defendants deny the allegations in paragraph 41 of Plaintiff's Complaint.

42.     Defendants deny the allegations in paragraph 42 of Plaintiff's Complaint.

43.     Defendants deny the allegations in paragraph 43 of Plaintiff's Complaint.

44.     Defendants deny the allegations in paragraph 44 of Plaintiff's Complaint.

45.     Defendants deny the allegations in paragraph 45 of Plaintiff's Complaint.

46.     Defendants have insufficient information to enable them to admit or deny the allegations in paragraph 46 of Plaintiff's Complaint.

47.     Defendants admit the allegations in paragraph 47 of Plaintiff's Complaint that Officer Batista's report states as indicated.

48.     Defendants have insufficient information to enable them to admit or deny the allegations in paragraph 48 of Plaintiff's Complaint, but deny the allegations regarding another individual are relevant to Plaintiff's claims.

49.     Defendants deny the allegations in paragraph 49 of Plaintiff's Complaint.

50.     Defendants deny the allegations in paragraph 50 of Plaintiff's Complaint.

51.     Defendants deny the allegations in paragraph 51 of Plaintiff's Complaint.

52.     Defendants deny the allegations in paragraph 52 of Plaintiff's Complaint.

53.     Defendants deny the allegations in paragraph 53 of Plaintiff's Complaint that reports detailing a strip search were required when Plaintiff was not strip searched.

54.     Defendants have insufficient information to enable them to admit or deny the allegations in paragraph 54 of Plaintiff's Complaint, but deny the allegations regarding another individual are relevant to Plaintiff's claims.

55.     Defendants deny the allegations in paragraph 55 of Plaintiff's Complaint.

56.     Defendants deny the allegations in paragraph 56 of Plaintiff's Complaint.

57.     Defendants deny the allegations in paragraph 57 of Plaintiff's Complaint.

58.     Defendants deny the allegations in paragraph 58 of Plaintiff's Complaint.

59.     Defendants admit the allegations in paragraph 59 of Plaintiff's Complaint that derogatory language was not appropriate and that supervisors should not allow it to be used, but Defendants deny the inference that derogatory language was used and tolerated by supervisors during the alleged incident.

60.     Defendants have insufficient information to enable them to admit or deny the hypothetical allegations in paragraph 60 of Plaintiff's Complaint regarding whether a strip search was proper, but Defendants deny that Plaintiff was strip searched.

61.     Defendants deny the allegations in paragraph 61 of Plaintiff's Complaint.

62.     Defendants deny the allegations in paragraph 62 of Plaintiff's Complaint.

63.     Defendants deny the allegations in paragraph 63 of Plaintiff's Complaint.

64.     Defendants admit the allegations in paragraph 64 of Plaintiff's Complaint that Plaintiff indicated at booking that he had been injured during arrest, and that the booking officer noted a visible bump on his forehead.

65.     Defendants admit the allegations in paragraph 65 of Plaintiff's Complaint that after initially indicating that he had injured during arrest, Plaintiff resisted the attempts of the officers to find out additional information about his complaint, but Defendants deny the remaining allegations in that paragraph.

66.     Defendants admit the allegations in paragraph 66 of Plaintiff's Complaint that Plaintiff said that he just wanted to be processed.

67.     Defendants deny the allegations in paragraph 67 of Plaintiff's Complaint.

5

68.     Defendants have insufficient information to enable them to admit or deny the allegations in paragraph 68 of Plaintiff's Complaint.

69.     Defendants have insufficient information to enable them to admit or deny the allegations in paragraph 69 of Plaintiff's Complaint.

70.     Defendants have insufficient information to enable them to admit or deny the allegations in paragraph 70 of Plaintiff's Complaint.

71.     To the extent paragraph 71 of Plaintiff's Complaint quotes a court decision, it speaks for itself and all attributions or interpretations inconsistent with the document are denied.

72.     To the extent paragraph 72 of Plaintiff's Complaint quotes a court decision, it speaks for itself and all attributions or interpretations inconsistent with the document are denied.

73.     Defendants deny the allegations in paragraph 73 of Plaintiff's Complaint.

74.     Defendants deny the allegations in paragraph 74 of Plaintiff's Complaint.

75.     Defendants deny the allegations in paragraph 75 of Plaintiff's Complaint.

76.     Defendants deny the allegations in paragraph 76 of Plaintiff's Complaint.

77.     Defendants deny the allegations in paragraph 77 of Plaintiff's Complaint.

78.     Defendants deny the allegations in paragraph 78 of Plaintiff's Complaint.

79.     Defendants admit the allegations in paragraph 79 of Plaintiff's Complaint that an injured person report may be required in certain circumstances by statute and Worcester Police Department policies and procedures.

80.     Defendants deny the allegations in paragraph 80 of Plaintiff's Complaint.

81.     Defendants deny the allegations in paragraph 81 of Plaintiff's Complaint.

82.     Defendants deny the allegations in paragraph 82 of Plaintiff's Complaint.

83.     Defendants deny the allegations in paragraph 83 of Plaintiff's Complaint.

84.     Defendants deny the allegations in paragraph 84 of Plaintiff's Complaint.

## COUNT I
### 42 U.S.C. § 1983:  Unreasonable Force – Officer Cahill, Sgt. Supernor and
### Does 1-3

85.     Defendants repeat their responses to the foregoing paragraphs as if fully set forth herein.

86.     Defendants deny the allegations in paragraph 86 of Plaintiff's Complaint.

87.     Defendants deny the allegations in paragraph 87 of Plaintiff's Complaint.

88.     Defendants deny the allegations in paragraph 88 of Plaintiff's Complaint.

89.     Defendants deny the allegations in paragraph 89 of Plaintiff's Complaint.

## COUNT II
### Massachusetts Civil Rights Act, M.G.L. c. 112 § 11IM [sic]
### Defendants Cahill, Supernor, Roche and Does 1-3

90.     Defendants repeat their responses to the foregoing paragraphs as if fully set forth herein.

91.     Defendants deny the allegations in paragraph 91 of Plaintiff's Complaint.

92.     Defendants deny the allegations in paragraph 92 of Plaintiff's Complaint.

93.     Defendants deny the allegations in paragraph 93 of Plaintiff's Complaint.

## COUNT III
### Assault and Battery
### Defendants Cahill, Supernor and Does 1-3

94.     Defendants repeat their responses to the foregoing paragraphs as if fully set forth herein.

95.     Defendants deny the allegations in paragraph 95 of Plaintiff's Complaint.

96.     Defendants deny the allegations in paragraph 96 of Plaintiff's Complaint.

## COUNT IV
### Malicious Prosecution
### Defendants Cahill, Supernor, Roche and Does 1-3

97.     Defendants repeat their responses to the foregoing paragraphs as if fully set forth herein.

98.     Defendants deny the allegations in paragraph 98 of Plaintiff's Complaint.

99.     Defendants deny the allegations in paragraph 99 of Plaintiff's Complaint.

## COUNT V
## 42 U.S.C. § 1983:  Monell Claims Against City of Worcester, Sgt. Roche and Sgt. Supernor

100.    Defendants repeat their responses to the foregoing paragraphs as if fully set forth herein.

101.    Defendants deny the allegations in paragraph 101 of Plaintiff's Complaint.

102.    Defendants deny the allegations in paragraph 102 of Plaintiff's Complaint.

## COUNT V [sic]
## Mass. Tort Claims Act Chapter 258
## City of Worcester

103.    Defendants repeat their responses to the foregoing paragraphs as if fully set forth herein.

104.    Defendants neither admit nor deny the allegations in paragraph 104 of Plaintiff's Complaint, as it presents a conclusion of law to which a responsive pleading by Defendants is not required.  To the extent that paragraph can be construed as alleging facts, Defendants admit that the City received correspondence dated December 14, 2015, from Plaintiff's counsel, the contents of which speak for itself.

105.    To the extent paragraph 105 of Plaintiff's Complaint references a document, that document speaks for itself.

106.    Defendants neither admit nor deny the allegations in paragraph 106 of Plaintiff's Complaint, as it presents a conclusion of law to which a responsive pleading by Defendants is not required.  To the extent that paragraph can be construed as alleging facts, Defendants deny them.

107.    Defendants deny the allegations in paragraph 107 of Plaintiff's Complaint.

### FIRST AFFIRMATIVE DEFENSE

Plaintiff's Complaint fails to state a claim upon which relief can be granted against Defendants.

### SECOND AFFIRMATIVE DEFENSE

Defendants are entitled to immunity under the Massachusetts Tort Claims Act, G. L. c. 258, for the alleged torts.

### THIRD AFFIRMATIVE DEFENSE

Defendants are entitled to common law immunity for the alleged torts.

FOURTH AFFIRMATIVE DEFENSE

The individual Defendants are qualifiedly immune from liability in their individual capacity.

FIFTH AFFIRMATIVE DEFENSE

Defendants' actions were justified and in good faith at all times.

SIXTH AFFIRMATIVE DEFENSE

Any force used as to Plaintiff was reasonable and justified under all the circumstances.

SEVENTH AFFIRMATIVE DEFENSE

Plaintiff's claims are barred by the doctrines of collateral estoppel and res judicata.

EIGHTH AFFIRMATIVE DEFENSE

Defendants at all times acted reasonably and with a good faith belief that their actions were lawful and not in violation of any federal or state constitutional right.

NINTH AFFIRMATIVE DEFENSE

The individual Defendants did not interfere with, or attempt to interfere with, any federal, or state, constitutional, or statutory, right of Plaintiff.

TENTH AFFIRMATIVE DEFENSE

Plaintiff did not suffer any actual deprivation of any rights secured by the Constitution or laws of either the United States or the Commonwealth.

ELEVENTH AFFIRMATIVE DEFENSE

The City is not liable under 42 U.S.C. § 1983 because the actions of the individual Defendants were constitutional, i.e., did not deprive Plaintiff of any rights.

TWELFTH AFFIRMATIVE DEFENSE

A City policy or custom was not the moving force behind any alleged constitutional violation.

THIRTEENTH AFFIRMATIVE DEFENSE

Plaintiff's claims are barred insofar as Plaintiff consented to the actions of the individual Defendants.

9

## FOURTEENTH AFFIRMATIVE DEFENSE

The actions of the individual Defendants were, at all times, justified, necessary, carried out in good faith and with sufficient legal cause, and in conformity with settled principles of constitutional or other law.

## FIFTEENTH AFFIRMATIVE DEFENSE

The individual Defendants at all times were motivated with neither an evil intent or motive, nor a reckless or callous indifference, toward any of Plaintiff's rights.

## SIXTEENTH AFFIRMATIVE DEFENSE

Punitive damages are not recoverable against a municipality.

## SEVENTEENTH AFFIRMATIVE DEFENSE

The individual Defendants did not intend to create in Plaintiff a reasonable apprehension of impending physical harm.

## EIGHTEENTH AFFIRMATIVE DEFENSE

The individual Defendants did not intentionally and unjustifiably use excessive or harmful force against Plaintiff.

## NINTEENTH AFFIRMATIVE DEFENSE

Defendants did not at any time act with malice toward Plaintiff.

## TWENTIETH AFFIRMATIVE DEFENSE

If Plaintiff suffered any injury or damage as alleged, such damage was caused by Plaintiff's own actions or omissions.  Plaintiff had no right to resist arrest by the individual Defendants, and he is responsible for all injuries caused by that resistance.

## TWENTY-FIRST AFFIRMATIVE DEFENSE

Any damages incurred by Plaintiff as alleged were the result of Plaintiff's own intentional conduct and Plaintiff is therefore barred from recovery.

## TWENTY-SECOND AFFIRMATIVE DEFENSE

Plaintiff's claimed injuries or damages were caused, in whole or in part, by Plaintiff's violation of statutes, ordinances, regulations, policies or other legal authority governing the conduct of the parties at the time that said injuries or damages were sustained.

## TWENTY-THIRD AFFIRMATIVE DEFENSE

Defendants are not liable because the actions of Defendants were privileged.

## TWENTY-FOURTH AFFIRMATIVE DEFENSE

The actions of Defendants alleged in Complaint were neither the proximate nor the actual cause of any damage suffered by Plaintiff.

## TWENTY-FIFTH AFFIRMATIVE DEFENSE

Plaintiff's claims are frivolous and made in bad faith, and Defendants therefore demand their costs and attorneys' fees.

## TWENTY-SIXTH AFFIRMATIVE DEFENSE

The touching and/or seizure of Plaintiff was statutorily and constitutionally proper and appropriate.

## TWENTY-SEVENTH AFFIRMATIVE DEFENSE

Plaintiff fails to sufficiently allege that Defendants' conduct was extreme or outrageous.

## TWENTY-EIGHTH AFFIRMATIVE DEFENSE

The damages alleged in Plaintiff's Complaint were the result of supervening and intervening causes unrelated to any acts of Defendants.

## TWENTY-NINTH AFFIRMATIVE DEFENSE

Defendants did not intentionally and unjustifiably subject Plaintiff to unreasonable search and seizure.

## THIRTIETH AFFIRMATIVE DEFENSE

Defendants were justified in imprisoning or restraining Plaintiff, as Plaintiff's arrest was not false or unlawful.

## THIRTY-FIRST AFFIRMATIVE DEFENSE

Defendants at all times acted in the public interest of promoting and protecting public safety and good order in accordance with existing laws.

THIRTY-SECOND AFFIRMATIVE DEFENSE

There was reasonable suspicion and probable cause for the search and arrest of Plaintiff, and probable cause to initiate criminal charges.

THIRTY-THIRD AFFIRMATIVE DEFENSE

Plaintiff's Complaint fails to state a claim under 42 U.S.C. § 1983 as the conduct alleged in Plaintiff's Complaint does not involve any particular right arising under the United States Constitution, and, further, no violation of any constitutional right has been pleaded with the requisite particularity; therefore, counts purporting to allege such violation must be dismissed.

THIRTY-FOURTH AFFIRMATIVE DEFENSE

Defendants are not liable for damages because any conduct by Defendants, their employees or agents, in connection with the matter alleged in the Complaint was discretionary, within the scope of their authority as a public official, and performed in good faith.

THIRTY-FIFTH AFFIRMATIVE DEFENSE

Plaintiff has failed to adequately plead any special damages.

THIRTY-SIXTH AFFIRMATIVE DEFENSE

Plaintiff has failed to mitigate his alleged damages.

THIRTY-SEVENTH AFFIRMATIVE DEFENSE

Plaintiff has failed to allege any peculiar power of coercion possessed by Defendants.

THIRTY-EIGHTH AFFIRMATIVE DEFENSE

Any interference or attempted interference by Defendants with any of Plaintiff's secured rights was not by threats, intimidation or coercion.

THIRTY-NINTH AFFIRMATIVE DEFENSE

Any direct deprivation of any of Plaintiff's secured rights is not cognizable under G. L. c. 12, § 11I.

FORTIETH AFFIRMATIVE DEFENSE

Punitive damages are not recoverable under G. L. c. 12, § 11I.

## FORTY-FIRST AFFIRMATIVE DEFENSE

Plaintiff has failed to present due and proper notice upon the City under G. L. c. 258.

## FORTY-SECOND AFFIRMATIVE DEFENSE

Plaintiff is precluded from recovering pursuant to the exceptions to municipal liability codified in G. L. c. 258, § 10.

WHEREFORE, Defendants request that Plaintiff's Complaint be dismissed with prejudice, with reasonable costs and attorney's fees awarded to Defendants.

Defendants request a jury trial as to all issues.

CITY OF WORCESTER
TERRENCE CAHILL
CARL SUPERNOR
STEPHEN ROCHE

By their attorneys,
David M. Moore
City Solicitor

*/s/ Wendy L. Quinn*
Wendy L. Quinn (BBO#653954)
Assistant City Solicitor
City Hall, Room 301
455 Main Street
Worcester, MA  01608
(508) 799-1161
quinnwl@worcesterma.gov

## CERTIFICATE OF SERVICE

I, Wendy L. Quinn, hereby certify that on this 3rd day of April, 2017, the within Defendants' Answer to Plaintiff's Complaint was served upon Plaintiff's counsel of record, Keith T. Higgins, Esq., via the United States District Court's electronic notification system.

*/s/ Wendy L. Quinn*
Wendy L. Quinn
Assistant City Solicitor