UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

| | ) | |
|---|---|---|
| JUAN R. RIVERA, | ) | |
| Plaintiff | ) | |
| | ) | |
| v. | ) | C.A. No. 17-CV-40029-TSH |
| | ) | |
| CITY OF WORCESTER, TERRENCE | ) | |
| CAHILL, CARL SUPERNOR, | ) | |
| STEVE ROCHE, OFFICERS DOE 1-3, | ) | |
| Defendants | ) | |
| | ) | |

## PROTECTIVE ORDER

The Court hereby orders that documents produced in the discovery phase of the above-captioned matter are subject to this Protective Order the terms of which are set forth below.

1. Documents designated as "CONFIDENTIAL" containing confidential information, information that is sensitive, not generally available to the public and is subject to privacy rights will include documents containing Criminal Offender Record Information ("CORI"); Worcester Police Department personnel files; investigation reports generated by the Bureau of Professional Standards, formerly known as the Internal Affairs Division; any and all documents pertaining to medical and/or psychological treatment of any City of Worcester employee; any and all records related to personal or financial history of any City of Worcester employee; any and all records related to employment and/or disciplinary action for any City of Worcester employee; any answers to interrogatories conveying personnel, Bureau of Professional Standards investigation information and/or disciplinary action related to any City of Worcester employee, and portions of deposition testimony concerning the contents of these documents and such confidential information. The parties may by agreement designate that additional documents and deposition testimony be subject to the terms of this Protective Order.

2. Plaintiff shall not disclose any documents or confidential information subject to this Protective Order and the documents and confidential information contained therein shall not be used for any purpose other than in connection with the preparation for trial and litigation of this case. Furthermore, all documents subject to this Protective Order that are filed with the Court shall not be filed electronically, and a motion and/or request to impound or seal said documents shall accompany such a filing, which shall contain a post-impoundment provision that material subject therein be destroyed by the clerk's office following expiration of the period of impoundment, which at the earliest, would be sixty (60) days after conclusion of this litigation.

3. Documents and information designated as confidential may be disclosed to counsel for the parties in this action who are actively engaged in the conduct of this litigation; persons who are working for counsel to the extent reasonably necessary to render professional services in the litigation; persons with prior knowledge of the documents or of the confidential information contained therein; to parties or representatives of the parties who are assisting in the conduct of the litigation; and to court officials involved in this litigation, including court reporters, stenographers, and special masters. Such documents may also be disclosed:

   a. to any person designated by the Court in the interest of justice, upon such terms as the Court may deem proper; and
   b. to outside consultants or experts retained for the purpose of assisting counsel in the litigation; to employees of parties involved solely in one or more aspects of organizing, filing, coding, converting, storing, or retrieving data or designing programs for handling data connected with these actions, including the performance of such duties in relation to a computerized litigation support system; and to employees of third-party contractors performing one or more of these functions; **provided**, however, that in all such cases the individual to whom disclosure is to be made has signed and provided to opposing counsel a form containing:

      1) a recital that the signatory has read and understands this Protective Order;
      2) a recital that the signatory understands that unauthorized disclosures of the documents or information designated as confidential may constitute contempt of Court; and
      3) a statement that the signatory consents to the exercise of personal jurisdiction by this Court.

4. A deponent may during a deposition be shown and examined about documents or information designated as confidential. Deponents shall not retain or copy portions of the transcript of their depositions that contain confidential information not provided by them or the entities they represent unless they sign the form prescribed in paragraph 3(b). A deponent who is not a party or a representative of a party shall be informed of this Protective Order before being examined about, or asked to produce, potentially confidential documents. If a deponent, who has knowledge of the contents of documents or other confidential information subject to this Protective Order, gives testimony revealing such information, the portions of the deposition transcript containing this testimony shall be subject to this Protective Order.

5. If another Court or an administrative agency subpoenas or orders production of documents that are the subject of this Protective Order, such party shall promptly notify the City of Worcester of the pendency of such subpoena or order.

6. Documents subject to this Protective Order remain confidential as designated throughout the pendency of this matter, and settlement does not terminate the status of these documents as subject to the Protective Order. In the event that a document subject to this Protective Order is sought to be used at trial, the applicable rules of evidence apply. If Plaintiff seeks to use documents subject to this Protective Order in motion practice, a motion and/or request to impound or seal said documents shall accompany such a filing, which shall contain a post-impoundment provision that material subject therein be destroyed by the clerk's office following expiration of the period of impoundment, which at the earliest, would be sixty (60) days after conclusion of this litigation.

7. Within sixty (60) days after the final conclusion of this litigation, including any appeals, the parties will return to the City of Worcester, or destroy, at the City's option, all documents, including but not limited to copies of documents and/or copies of documents stored electronically, which were produced during this litigation and designated as confidential pursuant to this Order.

SO ORDERED:

DATED: _____3/7/19_____          /s/ Timothy S. Hillman
                                 The Honorable Timothy S. Hillman
                                 United States District Court